_____ FILED_____ ENTERED
_____ LODGED_____ RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUL 1 0 2015

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

MAURICE BERNARD STEWART, JR.,      *
    Plaintiff

      v.                       *      Civil Action No. JFM-14-2382

MARYLAND PUBLIC SAFETY AND      *
CORRECTIONAL SERIVCES
GARY MAYNARD,
    Defendants                  *

## MEMORANDUM

Maurice Bernard Stewart, Jr., is an inmate currently confined at the North Branch

Correctional Institution in Cumberland, Maryland. Stewart filed the instant civil rights

complaint against the Maryland Department of Public Safety and Correctional Services

("DPSCS") and former Secretary of DPSCS Gary Maynard, alleging that while housed at

Jessup Correctional Institution he was assaulted by his wheelchair pusher. ECF 1. Pending are

defendants' motion to dismiss, or in the alternative, for summary judgment, Stewart's motion

to appoint counsel, and his opposition to the dispositive motion. ECF 12, 14 & 15.[1] The court

will dispense with a hearing. *See* Local Rule 105.6. (D. Md. 2014). For the reasons stated

---

[1] The court is also in receipt of additional correspondence from plaintiff wherein he reiterates claims regarding a vast conspiracy within the Division of Correction to cause him harm. See ECF 16 & 17. These claims have been addressed by the court in other cases filed by plaintiff and are not before the court in the instant case. *See e.g. Stewart v. Davis*, Civil Action No. JFM-14-570 (D. Md.).

below, the court will, by separate Order, GRANT defendants' dispositive motion and DENY

Stewart's motion to appoint counsel.[2]

## Background

In the instant case, plaintiff indicates that on or about September 12, 2013, he was

transported to Jessup Correctional Institution where he was temporarily housed to attend court.

ECF 1, pp. 3-4.[3]  Plaintiff is disabled and uses a wheelchair. *Id.*, p. 5. An inmate identified as

"Paul" was assigned as plaintiff's wheelchair pusher and was responsible for pushing plaintiff

to medical in the morning and evening for medications and to and from the shower. *Id.* On

September 15, 2013, he was assaulted by Paul. ECF 1, pp. 3-4. Specifically, plaintiff indicates

that Paul began to yell at him urging him to hurry up and go back into his cell. Paul then shoved

the wheelchair quickly toward an empty cell that was used for supplies. Paul then hit and

punched plaintiff injuring plaintiff's head, neck and back. *Id.*, p. 4. Plaintiff states that he was

seen by a nurse and pictures were taken of his injuries.  Paul was placed on segregation status

and served with an notice of inmate rule violation. *Id.* Plaintiff states that he told unidentified

correctional officers in charge of the tier, on each shift, over several days, that he was threatened

---

[2] A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[2] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Upon careful consideration of the motions and previous filings by plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so.  Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under §1915(e)(1).

[3] Citations are to the court's electronic docket.

by Paul on numerous occasions. *Id.* Plaintiff states that the unidentified officers disregarded plaintiff's complaints. *Id.*

Defendants confirm that on September 15, 2013, Officer Musbau Akintunde observed inmate Paul Wallace arguing with plaintiff. ECF 12-2. Akintunde ordered Wallace to step away from plaintiff. Wallace refused to comply with the order and instead pushed plaintiff's wheelchair aggressively toward the shower. Wallace also slapped plaintiff with his left hand. Akintunde again ordered Wallace to step back and called for assistance. The inmates were then secured. *Id.* Plaintiff was evaluated by medical staff. He complained to a nurse that he had been hit in the face by another inmate. ECF 12-3 p. 2. Redness in the right eye was observed, however there was no swelling or open skin noted. Plaintiff stated that his back was re-injured during the assault. As plaintiff was already on Tylenol 3 for chronic back pain no additional medications were ordered. *Id.*

Standard of Review

A.    Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County*

*Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.    Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

4

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Analysis

A. Sovereign Immunity

Under the Eleventh Amendment, a state, including its agencies and departments, is immune from federal lawsuits brought by its citizens or the citizens of another state, absent consent. *See Penhurst State Sch. and Hosp. v. Halderman*, 465 U. S. 89, 100 (1984); *see also*

5

*Global Mail Ltd. V. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998) ("Sovereign immunity deprives a court of jurisdiction to hear a case."). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, plaintiff's complaint against the Maryland Department of Public Safety and Correctional Services, agencies within the State of Maryland, is barred by the Eleventh Amendment, and it will be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**B.** Respondeat Superior

Plaintiff has pointed to no personal involvement on the part of Maynard in facts alleged and as such his complaint against Maynard is subject to dismissal. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir.1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (internal punctuation omitted)). To the extent plaintiff premises his claim against Maynard on the basis that Maynard was the head of the Department of Public Safety and Correctional Services, the law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those

committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).  Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).  Plaintiff has pointed to no action or inaction on the part of former Secretary Gary Maynard related to his injuries.

Accordingly, a separate Order shall be entered granting defendants' dispositive motion, and denying plaintiff's motion for appointment of counsel.


J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUL 10  AM 11: 57

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY